IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19–CV–300–BR

| | |
|---|---|
| BRIER CREEK INTEGRATED PAIN & SPINE PLLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CONSENT ORDER FOR STAY OF PROCEEDINGS

The parties have requested that the Court stay this matter until further order of this Court, based upon the anticipated ruling before the Court of Appeals for the Fourth Circuit in *Accident, Injury & Rehab., PC v. Azar*, Case No. 18-2409 (appeal docketed Nov. 28, 2018).

The decision of the Fourth Circuit is likely to inform significantly, if not control, the instant matter, including the request for preliminary injunctive relief. The issue presented on appeal in that case is an order for preliminary injunction against the further recoupment of Medicare overpayments pending a hearing before an administrative law judge in the Office of Medicare Hearings and Appeals, entered by the U.S. District Court for the District of South Carolina in *Accident, Injury & Rehab., P.C. v. Azar*, D.S.C. Case No. 4:18-cv-02173-DCC. Oral argument will be heard in that matter on September 18, 2019.

With full reservation of arguments and authorities, including the right to seek a temporary restraining order after the stay is lifted, Plaintiff Brier Creek Integrated Pain & Spine PLLC consents to this stay. The Defendant United States Department of Health and Human Services

(HHS) has agreed to cease all recovery and recoupment activity with regard to the alleged overpayments at issue in the instant matter and will not seek recovery against Plaintiff in violation of any court order in this matter, or if no such court order is in place, until the later of: 1) the eleventh (11th) business day from the date upon which the Fourth Circuit Court issues a ruling in favor of HHS Appellants in *Accident, Injury & Rehab., PC v. Azar* on a basis which gives HHS a reasonable belief that it will prevail against Plaintiff in the instant case, or 2) upon a ruling by this Court that Plaintiff is not entitled to a preliminary injunction, provided that Plaintiff moves for such preliminary injunction in this case within ten (10) business days following a ruling by the Fourth Circuit Court, and provided that said District Court ruling is issued no more than 60 days from the Fourth Circuit ruling. It should be noted that Defendant HHS will resume the administrative recovery process, as it was being pursued, against Plaintiff on the eleventh business day after the issuance of the Fourth Circuit opinion if the HHS position prevails before the Fourth Circuit in the related action, and if doing so would not violate this Consent Order or any further order of this Court to the contrary.

Accordingly, in the interest of conserving judicial resources, the parties have requested that the instant matter be stayed, as provided for herein, pending a ruling by the Fourth Circuit in the above-named appeal. With full reservation of arguments and authorities, Defendants agree to forego further recovery of the Medicare overpayment amounts at issue in the instant matter until the eleventh business day after a ruling by the Court of Appeals for the Fourth Circuit in the above-named appeal and as otherwise provided herein.

For good cause shown, it is hereby ORDERED and ADJUDGED as follows:

ORDERED that this civil action is stayed until further order of this Court;

FURTHER ORDERED that the Plaintiff and Defendant United States Department of Health and Human Services shall file a notice within ten days of the issued decision by the Fourth

Circuit in *Accident, Injury & Rehab., PC v. Azar*, or file a notice if any other grounds to lift the stay in this action.

This 18 September 2019.

_____
W. Earl Britt
Senior U.S. District Judge